CHARLES J. COLLINS

*v.*

MARTIN V. B. SCULL et al.

[Submitted April 21st, 1915.    Determined May 12th, 1915.]

A bill in equity will not lie to restrain six *de facto* councilmen of a city from contracting debts and ordering the payment of bills on behalf of such city, on the ground that three of such councilmen had not been lawfully elected, while four were necessary to constitute a quorum of the common council, since the ascertainment of titles to public office belongs to courts of law.

On bill for injunction.    On hearing at return of order to show cause.

*Mr. Charles C. Babcock* and *Mr. Clarence L. Cole,* for the complainant.

*Mr. Albert C. Abbott* and *Messrs. Bourgeois & Coulomb,* for the defendants.

LEAMING, V. C.

I think it clear that this court is without power to grant the relief sought by the present bill.

The bill asserts that four councilmen are necessary to constitute a quorum of the common council of the city of Somers Point; that six men are acting as councilmen of that city and transacting business as its common council; that three of these six men were not lawfully elected and, in consequence, the proceedings of that body are sanctioned at most by only three lawful votes.    The bill seeks to restrain these six acting councilmen from contracting debts on behalf of that city and from ordering payment of bills against it.

The bill does not seek relief against the expenditure of money for any specific unlawful purpose; but seeks to prevent expenditures for any purpose upon the theory that three of the six acting councilmen were not legally elected, and that any action taken by the body is necessarily void for the reason that no quorum of lawfully elected members can exist.

This court is thus asked to inquire into and ascertain whether certain acting members of an acting municipal legislative body have been lawfully elected, and based upon the ascertainment of their unlawful election to issue a general preventive decree against all future monetary legislation by the *de facto* body.

This is clearly beyond the jurisdiction of this court; the ascertainment of title to office belongs to the courts of law. See *2 High Inj.* §§ *1312, 1315.* Any decisions in this or other jurisdictions sustaining injunctions against municipal action for the protection of private property rights or based upon proceedings of a municipality *ultra vires* its powers or involving an incidental inquiry into title to office for the purpose of determining other issues properly presented, are clearly distinguishable from the present bill which seeks to prevent all future municipal action involving the expenditure of money upon the single ground of illegal election or organization of the *de facto* legislative body of the municipality.

I will advise an order denying the relief prayed.